UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-47 (RMC) |
| **J.B. FROE PROPERTIES, INC.,** *et al.*, | ) | |
| Defendant. | ) | |

## OPINION

Wells Fargo Bank, N.A. brought this *in rem* action seeking quiet title to certain real property. Wells Fargo seeks to confirm the validity of a tax sale, a subsequent deed of the property to Barbranda Walls, and Ms. Walls' deed of trust to Wells Fargo as security for a loan. Because Ms. Walls has not pointed to any genuine issues of material fact relating to the chain of title, summary judgment will be granted in favor of Wells Fargo.

### I. FACTS

Barbranda Walls is the current record owner of real property known as 585 Columbia Road, N.W., Washington, D.C. 20001 (Property). Answer [Dkt. 6] ¶ 2. The Property was owned previously by: J.B. Froe Properties, Inc.; Emilie Froe Preston; Arthur Froe; Lanoix Froe; Ruth Meyer; Sonja Watson; Olga DeBerry Brown; and Katie Alexander (Former Owners). *See* Mot. For Summ. J. [Dkt. 38], Ex. 1 (Deed dated May 31, 1991) & Ex. 2 (Deed dated Sept. 30, 1991). The Property was sold at a tax sale on October 1, 1996. *See* Consent J. [Dkt. 15], Ex. A (Tax Sale Deed). The Former Owners received notice of the tax sale, and when they failed to redeem, the Tax Sale Deed conveyed the Property to Nautilus, LLC, effective as of October 29, 1999. *Id.*; *see also* Consent Js. [Dkt. 15, 16, 19, 20, 61, 62, 66]; Am. Default J. [Dkt. 34]. On

December 22, 2000, Ms. Walls purchased the Property from Nautilus, and a deed reflecting that transfer was recorded as Instrument No. 2001002063.  Answer ¶ 10.

Ms. Walls applied for a $600,000 mortgage loan with Wachovia Bank, N.A. Answer ¶ 12.  At the loan closing on November 4, 2005, Ms. Walls executed a Note together with a Deed of Trust securing the loan with a first priority lien on the Property; the Deed of Trust is recorded as Instrument No. 20051728091.  *Id*. ¶ 13.  As a successor by merger with Wachovia Bank, Wells Fargo holds the loan that is secured by the Deed of Trust and thus holds a first priority security interest in the Property.  *Id*. ¶¶ 1, 14, 19.

Ms. Walls defaulted on her loan, and Wells Fargo sued to collect on the Note in U.S. District Court for the Eastern District of Virginia.  *Id*. ¶ 16; *Wells Fargo Bank, N.A. v. Walls*, Civ. No. 12-664 (E.D. Va.) (Compl. filed June 18, 2012).[1]  The district court granted summary judgment in favor of Wells Fargo, *see id*., (Summ. J. filed Dec. 28, 2012), and the Fourth Circuit affirmed, *see Wells Fargo Bank N.A. v. Walls*, 543 F. App'x 350 (4th Cir. 2013); *see also* Opp'n to Mot. for Summ. J. [Dkt. 67] (Opp'n), Ex. 2 (Walls Brief on Appeal to the U.S. Court of Appeals for the 4th Circuit) at 5-6.

In addition to suing on the Note, Wells Fargo also directed a substitute trustee to conduct a foreclosure sale of the Property.[2]  Compl. [Dkt. 1] ¶ 15.  Nazim Mehbaliyev purchased

---

[1] A court may take judicial notice of facts contained in public records of other proceedings, *see Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007); *Settles v. U.S. Parole Commission*, 429 F.3d 1098, 1107 (D.C. Cir. 2005), and the Court takes judicial notice of the referenced Eastern District of Virginia case and Fourth Circuit affirmance.

[2] Ms. Walls sued in D.C. Superior Court to enjoin the foreclosure action, but the case was dismissed as moot because the foreclosure sale had gone forward already.  *See Walls v. Wells Fargo Bank, N.A.*, Civ. No. 1:13-623, 2013 WL 3199675, at *2 (E.D. Va. June 20, 2013).  When Ms. Walls filed the same claims again, her case was dismissed as barred by res judicata and for failure to state a claim.  *Id*. at *3-4.

the Property at foreclosure, but the settlement company would not close the transaction and issue title insurance because it questioned the validity of the Tax Sale Deed. *Id*. ¶ 16. At the time of the tax sale, D.C. law did not require a court proceeding and thus there is no court record to confirm that interested parties received notice of the right of redemption. *Id*. To resolve this issue, on January 11, 2013, Wells Fargo brought suit here, seeking a declaratory judgment for quiet title (Count I) and seeking restitution for unjust enrichment (Count II). *Id*. ¶¶ 18-29.

The Complaint names eleven Defendants: J.B. Froe Properties, Inc.; Arthur J. Froe; Emilie Froe Preston; Estate of Lenoix Wayne Froe; Estate of Ruth Mayer; Estate of Katie Alexander; Sonja Watson; Olga Brown; D.C. Water and Sewer Authority; Nazim Mehbaliyev; and Barbranda L. Walls.[3] As to every Defendant except Ms. Walls, judgment has been entered in favor of Wells Fargo on the quiet title claim (Count I) and the claim for restitution (Count II) has been dismissed. *See* Consent Js. [Dkt. 15] (as to Sonja Watson), [Dkt. 16] (as to Olga DeBerry Brown), [Dkt. 17] (as to D.C. Water and Sewer), [Dkt. 19] (as to Arthur Froe), [Dkt. 20] (as to Emilie Froe Preston), [Dkt. 61] (as to the Estate of Katie Alexander), [Dkt. 62] (as to the Estate of Ruth Mayer), [Dkt. 66] (as to the Estate of Lanoix Wayne Froe); Am. Default J. [Dkt. 34] (as to J.B. Froe Properties, Inc. and Nazim Mehbaliyev).

While this suit was pending, Ms. Walls filed a petition for Chapter 7 bankruptcy protection. Mot. for Summ. J. [Dkt. 67] at 2 (citing *In re Barbranda Walls*, Bankr. No. 14-12055 (Bankr. E.D. Va.) (Chapter 7 Pet. filed May 30, 2014)). The petition automatically stayed this case, but Wells Fargo moved to lift the stay and the Bankruptcy Court granted the motion. *In re*

---

[3] Alan Oravec is the Personal Representative of the Estate of Lenoix Wayne Froe and Sarah McElveen is the Personal Representative of the Estate of Ruth Mayer and the Estate of Katie Alexander.

*Barbranda Walls*, Bankr. No. 14-12055 (Order filed Sept. 10, 2014).[4] Ms. Walls obtained a bankruptcy discharge on September 15, 2014.  *See* Opp'n, Ex. 1 (Bankruptcy Discharge Order). Wells Fargo now moves for summary judgment.  Mot. for Summ. J. [Dkt. 64]; Reply [Dkt. 68]. Ms. Walls opposes.  Opp'n [Dkt. 67].

## II. LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252. The nonmoving party must point out specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.* at 675.  If the evidence "is merely colorable, or is not significantly

---

[4] The Court takes judicial notice of the bankruptcy court proceeding.  *See Abhe & Svoboda*, 508 F.3d at 1059; *Settles*, 429 F.3d at 1107.

probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. ANALYSIS

Ms. Walls has not contested any of the material facts concerning the validity of the chain of title to the Property. Instead, Ms. Walls focuses on her potential liability in a future deficiency action and argues that "[b]ecause the Judgment Debt was discharged in Bankruptcy, [Wells Fargo] cannot hold Defendant Walls liable for any deficiency that may derive[ ] from the sale of the Property based on any amount she may have owed on the Property pursuant to the Promissory Note or the Deed of Trust." Opp'n at 3.

Ms. Walls' claim that she cannot be liable for a deficiency due to the bankruptcy discharge is not germane to this quiet title case. This case is an *in rem* action filed against the Property and is not an *in personam* action against Ms. Walls as an individual. Wells Fargo seeks quiet title, not monetary relief. Any claim regarding the effect of the bankruptcy discharge, Ms. Walls' liability for a deficiency, or the distribution of foreclosure proceeds can be brought in the Bankruptcy Court for the Eastern District of Virginia, which has exclusive jurisdiction over Ms. Walls' bankruptcy estate—except as to the Property, over which this Court has jurisdiction because the Bankruptcy Court lifted the automatic stay allowing this case to proceed. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (proceedings *in rem* generally are restricted to the forum that first assumes jurisdiction over the property).

Because Ms. Walls does not contest the material facts, the facts are conceded. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."). Further, because Ms. Walls does not challenge the legal arguments raised by Wells Fargo, she

has conceded the legal issues. *See Hopkins v. Women's Div., Gen. Bd. Of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") *aff'd sub nom. Hopkins v. Women's Div., Gen. Bd. of Global Ministries, United Methodist Church*, 98 F. App'x 8 (D.C. Cir. 2004).

The doctrine of "after-acquired title" applies here, and it retroactively validates the entire chain of title flowing from the Tax Sale Deed. This doctrine provides that when a grantor purports to transfer ownership of real estate when he lacks legal title at the time but subsequently acquires legal title to the property, the "after-acquired title inures, by operation of law, to the benefit of the grantee." *See Ackerman v. Abbott*, 978 A.2d 1250, 1254 (D.C. 2009). Thus, to the extent the Tax Sale Deed to Nautilus (Ms. Walls' predecessor in the chain of title) was defective, that defect has now been cured via the many consent and default judgments entered in this case. *See* Consent Js. [Dkts. 15, 16, 19, 20, 61, 62, 66; Am. Default J. [Dkt. 34]; *see also* Consent J. [Dkt. 17] (as to D.C. Water and Sewer).

Ms. Walls concedes that Nautilus transferred the Property to her and that she executed the Deed of Trust in favor of Wells Fargo as a first-priority lien on the Property. Answer ¶¶ 10, 12, 13. Because there are no genuine issues of material fact, summary judgment will be granted in favor of Wells Fargo on Count I, the claim for quiet title.

Wells Fargo also seeks to dismiss without prejudice Count II, the claim for restitution. *See* Notice of Am. Proposed Order [Dkt 71]. Ms. Walls does not object, and thus Count II will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo's motion for summary judgment [Dkt. 64] will be granted and its motion for hearing on summary judgment [Dkt. 69] will be denied as moot. Judgment will be entered in favor of Wells Fargo on Count I, quiet title. Count II, restitution, will be dismissed without prejudice. A memorializing Order accompanies this Opinion.

Date: July 23, 2015  /s/
ROSEMARY M. COLLYER
United States District Judge